IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CHARLENE B. MABE, | ) | |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM OPINION** |
| | ) | **AND RECOMMENDATION** |
| v. | ) | |
| | ) | 1:08CV227 |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Charlene B. Mabe, brought this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits under Title II of the Social Security Act (the "Act"). The parties have filed cross-motions for judgment, and the administrative record has been certified to the court for review.

**Procedural History**

Plaintiff filed an application for Disability Insurance Benefits ("DIB") on June 27, 2005, alleging a disability onset date of July 26, 2004. Tr. 38. The applications were denied initially and upon reconsideration. Tr. 27-8. Plaintiff requested a hearing de novo before an Administrative Law Judge (ALJ). Tr. 37. Present at the hearing, held on October 15, 2007, were Plaintiff and her attorney. Tr. 324.

By a decision dated November 9, 2007, the ALJ determined that Plaintiff was not disabled within the meaning of the Act.  Tr. 18-25.  On February 8, 2008, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 10), thereby making the ALJ's determination the Commissioner's final decision for purposes of judicial review.

In deciding that Plaintiff is not entitled to benefits, the ALJ made the following findings, which have been adopted by the Commissioner:

> 1.   The claimant meets the insured status requirements of the Social Security Act through December 31, 2009.
>
> 2.   The claimant has not engaged in substantial gainful activity since July 26, 2004, the alleged onset of disability (20 CFR 404.1520(b) and 404.1571 *et seq.*).[1]

Tr. 20.

> 3.   The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 4.   The claimant has the residual functional capacity to perform the full range of light work.

Tr. 22.

---

[1]  After Finding 2 in the decision concerning Plaintiff's substantial gainful activity, the ALJ discussed the objective medical evidence in the record, including evidence of Plaintiff's spine impairment, hypertension and fibromyalgia.  Tr. 20-22.  He further stated that he found Plaintiff's anxiety and chronic obstructive pulmonary disease to be non-severe.  He did not, however, make any explicit findings concerning whether Plaintiff suffered any impairments that are "severe."  Tr. 22.

5. The claimant is capable of performing past relevant work as a residential counselor. This work does not require the performance of work-related activities precluded by her residual functional capacity (20 CFR 404.1565).

6. The claimant has not been under a disability as defined in the Social Security Act, from July 26, 2004, through the date of this decision (20 CFR 404.1520(f)).

Tr. 25.

## Analysis

In her brief before the court, Plaintiff argues that the Commissioner's findings are in error because the ALJ failed to address Plaintiff's claimed impairments arising from migraines, and to explain why he omitted them from Plaintiff's residual functional capacity (RFC) assessment. The Commissioner contends otherwise and urges that substantial evidence supports the determination that Plaintiff was not disabled.

### Scope of Review

The Act provides that, for "eligible"[2] individuals, benefits shall be available to those who are "under a disability," defined in the Act as the inability:

> to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]

42 U.S.C. § 423(d)(1)(A).

---

[2] Eligibility requirements for DIB are found at 42 U.S.C. § 423(a)(1).

To facilitate a uniform and efficient processing of disability claims, the Social Security Administration (the "SSA"), by regulation, has reduced the statutory definition of "disability" to a series of five sequential questions. An examiner must determine whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an illness contained in the Act's listing of impairments, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing any other work. 20 C.F.R. § 404.1520.

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied. Richardson v. Perales, 402 U.S. 389 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Consequently, the Act precludes a de novo review of the evidence and requires the court to uphold the Commissioner's decision as long as it is supported by substantial evidence. See Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (citing Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)). Substantial evidence is:

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

Thus, it is the duty of this court to give careful scrutiny to the whole record to assure that there is a sound foundation for the Commissioner's findings, and that this conclusion is rational. Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

Duty of Explanation

Of particular interest in this case is the fact finder's general duty of explanation. The statutory duty is found in the Act:

> Any such decision by the Commissioner of Social Security which involves a determination of disability and which is in whole or in part unfavorable to such individual shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based.

42 U.S.C. § 405(b)(1).

The Fourth Circuit has incorporated this duty into a number of its cases. In DeLoatche v. Heckler, the court held, "[t]he Secretary must present us with findings and determinations sufficiently articulated to permit meaningful judicial review." 715 F.2d 148, 150 (4th Cir. 1983). In Gordon v. Schweiker, 725 F.2d 231 (4th Cir. 1984), it explained why the duty was so crucial:

> The courts . . . face a difficult task in applying the substantial evidence test when the Secretary has not considered all relevant evidence. Unless the Secretary has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches

5

> an abdication of the court's "duty to scrutinize the record as a whole to determine whether the conclusions reached are rational."

Id. at 236 (quoting Arnold v. Secretary, 567 F.2d 258, 259 (4th Cir. 1977)). The reviewing court requires the fact finder "to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings." Blakes ex rel. Wolfe v. Barnhart, 331 F.3d 565, 569 (7th Cir. 2003).

Here, Plaintiff alleged that she is unable to work due to "[m]igraines, degenerative disk disease, arthritis [and] COPD." Tr. 53. She stated that she "keep [sic] migraines all the time." Tr. 54. She testified at her hearing that while she was working, she had gone on short-term leave several times due to migraines and pain in her back and neck. Tr. 330. She further testified that during the time she was working, she would get migraines that left her "pretty much in bed" five or six times a month, each of which lasted three to four days. Tr. 342-43. According to Plaintiff, she continues to get them three to four times a month. Tr. 343. She has been taking a prescription medication, Zomig,[3] for her migraines for several years, as well

---

[3] Zomig (a brand name of zolmitriptan) is used to treat the symptoms of migraine headache (severe throbbing headache that sometimes is experienced with other symptoms such as upset stomach and sensitivity to sound and light). It works by reducing swelling of blood vessels around the brain and blocking the release of certain natural substances that cause pain, upset stomach, and other symptoms of migraine. It does not prevent migraine attacks. Medline Plus, http://www.nlm.nih.gov/medlineplus/druginfo/meds/a601129.html (last visited June 2, 2010).

6

as Soma.[4] Tr. 344. The medical records include diagnoses of migraines, as well a physicians' notes concerning treatment efforts. See, e.g., Tr. 137-38, 141-42, 150, 255.

Despite Plaintiff's claims and the record evidence, the Commissioner plainly failed to present findings and determinations sufficiently articulated to permit meaningful judicial review. See DeLoatche, 715 F.2d at 150. The ALJ gave only very brief mention of the medical evidence of migraines and completely disregarded Plaintiff's subjective complaints. See Tr. 20-21, 24.

Importantly, the ALJ failed to make any explicit findings at step two of the sequential evaluation process concerning whether Plaintiff suffers from any severe impairment, including, specifically, migraines.[5] Also absent from the ALJ's decision is any consideration of the evidence of migraines in evaluating Plaintiff's RFC. The RFC is "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." The Commissioner's assessment "must first identify the

---

[4] Soma (a brand name for carisoprodol) is a muscle relaxant used to relax muscles and relieve pain. Medline Plus, http://www.nlm.nih.gov/medlineplus/druginfo/meds/a682578.html (last visited June 2, 2010).

[5] In order for physical impairments to be found severe, they must have more than a minimal effect on the basic work activities of walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling. See 20 C.F.R. § 404.1521(b)(1).

individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis," specifically citing to the functions listed in subsections 404.1545(b), (c), and (d). Id. at 34475. The Ruling further explains that the assessment "must address both the remaining exertional and nonexertional capacities of the individual." Id. at 34477. "Exertional capacity" is "an individual's limitations and restrictions of physical strength and defines the individual's remaining abilities to perform each of seven strength demands: Sitting, standing, walking, lifting, carrying, pushing, and pulling. Each function must be considered separately." Id.

The section does *not* require an ALJ to discuss all of a claimant's abilities on a function-by-function basis but, rather, only to "describe the maximum amount of each work-related activity the individual can perform *based on the evidence available in the case record.*" Id. (footnote omitted; emphasis added). Here, the objective medical evidence, as well as Plaintiff's allegations of pain, require the ALJ to both consider and articulate any limitations imposed by Plaintiff's migraines, and the effect, if any, on Plaintiff's exertional capacities.

Accordingly, the court finds it must remand for the ALJ to: (1) make explicit findings concerning Plaintiff's severe impairments, if any, and; (2) perform and articulate a "function-by-function" assessment as instructed by Ruling 96-8p, 61 Fed. Reg. 34474-01.

**Conclusion and Recommendation**

For the foregoing reasons, the decision of the Commissioner is not supported by substantial evidence, and the correct legal principles were not applied. Therefore, **IT IS RECOMMENDED** that the Commissioner's decision finding no disability be **REVERSED**, and that the matter be **REMANDED** to the Commissioner under sentence four of 42 U.S.C. § 405(g). The Commissioner should be directed to remand the matter to the ALJ for proceedings consistent with this recommendation. To this extent, Plaintiff's motion for summary judgment (docket no. 11) seeking a reversal of the Commissioner's decision should be **GRANTED**. To the extent that Plaintiff's motion seeks an immediate award of benefits, it should be **DENIED**. Defendant's motion for judgment on the pleadings (docket no. 13) should be **DENIED**.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　WALLACE W. DIXON
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

July 15, 2010